**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>)<br>WILLIAM FIELDER, )<br>)<br>Defendant. ) | Criminal No. 13-125<br>Civil No. 18-769<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

### I. INTRODUCTION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, ("Motion"), filed by *pro se* Defendant William Fielder ("Defendant"), (Docket No. 799), the Government's opposition thereto, (Docket No. 813), and Defendant's Reply, (Docket No. 820). After careful consideration of the parties' submissions and for the following reasons, Defendant's Motion [799] is denied.

### II. BACKGROUND

A federal grand jury returned a two-count Indictment on April 30, 2013 against Defendant and a number of coconspirators. (Docket No. 1). This Indictment charged a conspiracy to distribute more than one kilogram of heroin from in or around January 2011 to in or around June 2012. (*Id.*). A Superseding Indictment was returned on July 23, 2013, expanding the time period of the conspiracy from January 2011 to May 2013, and adding two defendants. (Docket No. 141). Through counsel, Defendant filed a number of pretrial motions, including a motion to suppress evidence challenging the Government's acquisition of his jail calls while he was incarcerated at the Allegheny County Jail and SCI-Greensburg. After conducting an evidentiary hearing and accepting briefing from the parties, the Court denied Defendant's motion

1

to suppress in a Memorandum Opinion dated February 8, 2016. *See United States v. Ewell et al.*, Crim. No. 13-125, 2016 WL 463784 (W.D. Pa. Feb. 8, 2016).

Rather than proceed to trial, on June 6, 2016, Defendant pled guilty to one count of conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846 pursuant to a Rule 11(c)(1)(C) plea agreement with the Government pursuant to which he agreed to the imposition of a sentence of "a term of imprisonment of 168 months, no fine, a term of supervised release of 5 years, and a special assessment of $100." *See Plea Agreement dated 6/3/16* at ¶ C.3. In advance of his sentencing hearing, the Court advised the parties that it was prepared to accept their Rule 11(c)(1)(C) plea agreement and overruled Defendant's objections to all of the following: the factual recitation of his offense conduct; the factual recitation of his prior murder conviction; and, the application of the career offender guideline to compute his advisory guidelines range. (Docket No. 746). Thereafter, the Court denied Defendant's *pro se* motion to withdraw his plea agreement. (Docket No. 754). The Court reached this decision after carefully reviewing the record and making the following detailed findings:

> In this Court's estimation, after having reviewed the transcript of the plea colloquy, plea agreement and other matters in the record, all of the unsworn allegations set forth in [Defendant's motion to withdraw the plea agreement] are plainly undermined by Defendant's statements to the Court at the change-of-plea hearing and cannot be credited by the Court. To this end, at the change-of-plea hearing held on June 6, 2016, Defendant was sworn and asserted under oath that he wanted to plead guilty to Count One of the Superseding Indictment and agreed to all of the terms of his Rule 11(c)(1)(C) plea agreement with the Government for a specific sentence including "a term of imprisonment of 168 months, no fine, a term of supervised release of 5 years, and a special assessment of $100." *See Plea Agreement dated 6/3/16* at ¶ C.3; *see also 6/6/16 Hr'g Trans*. During the comprehensive plea colloquy conducted by the Court, Defendant assented to these

terms under oath, signed the plea agreement and asserted, among other things, that he:

- was not threatened or forced to plead guilty;
- was satisfied by the representation of his counsel;
- knew that he was charged with conspiracy to distribute in excess of 1 kilogram of heroin and understood the elements of such offense and the potential penalties for same, including a sentence of at least 10 years' incarceration and up to life imprisonment;
- understood that the prosecution was not alleging that he personally distributed 1 kilogram of heroin but that it was reasonably foreseeable to him that the conspiracy of which he was a party involved distribution in excess of that amount;
- agreed to the stipulation of 1 kilogram to 3 kilograms of heroin set forth in the plea agreement at ¶ C.2.; and,
- acknowledged that the Government was not filing a § 851 Information setting forth a prior conviction to increase his potential sentence as part of the plea agreement.

*See 6/6/16 Hr'g Trans.* The prosecutor, defense counsel and Defendant were all separately heard on Defendant's concerns that his agreed-upon sentence of 168 months' incarceration was longer than that of his coconspirators and that he felt he was being unfairly penalized for his prior murder conviction. *Id.* The prosecutor explained the Government's position on the record which Defendant acknowledged he understood. *Id.* Despite these concerns, all of which were fully stated on the record, and to which response was made, and with the advice of experienced defense counsel, Defendant knowingly and voluntarily pled guilty to Count One and signed the plea agreement. *Id.*

(Docket No. 754).

The sentencing was continued several times at the request of the parties for the purpose of permitting Defendant an opportunity to resolve a parole detainer against him in advance of the federal sentencing so that the sentences could be run concurrently as the parties had agreed in their plea agreement. (*See* Docket Nos. 758-59; 764-67). At sentencing, both parties advocated that the Court accept their plea agreement and impose the agreed upon sentence. (Docket No.

3

779). After careful consideration of the § 3553(a) factors, and for reasons detailed on the record, the Court accepted the parties' plea agreement and imposed their agreed-upon sentence of 168 months' incarceration; 5 years' supervised release; and $100 special assessment. (Docket Nos. 771; 778). A fine was waived given Defendant's inability to pay. (*Id*.).

Defendant timely appealed the judgment to the Court of Appeals. (Docket No. 774). The Court of Appeals granted the Government's motion to enforce the appellate waiver in the parties' plea agreement and to summarily affirm this Court's Judgment. (Docket No. 795). On June 12, 2018, Defendant filed his § 2255 Motion. (Docket No. 799). The Court advised Defendant of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and after he did not reply, the Court ordered the Government to respond. (Docket Nos. 800; 805). The Government timely filed its response in opposition on September 8, 2018. (Docket No. 813). Subsequently, the Court granted Defendant an extension of time to file a reply, (Docket Nos. 815-16), which he submitted on October 16, 2018. (Docket Nos. 820). No further briefing has been requested and the Court considers the matter to be fully briefed and ripe for disposition.

III. LEGAL STANDARD

A prisoner in federal custody may move to vacate his or her sentence under 28 U.S.C. § 2255(a) if such "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A motion under § 2255 is a collateral challenge that is viewed less favorably than a direct appeal and "relief under § 2255 is available only when 'the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and ... present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)) (further quotations

4

omitted). "A prisoner seeking relief on the grounds of ineffective assistance of counsel bears the burden to demonstrate two requirements," *United States v. Seeley*, 574 F. App'x. 75, 78 (3d Cir. 2014), which were initially set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, a defendant "must establish that (1) the performance of counsel fell below an objective standard of reasonableness; and, (2) counsel's deficient performance prejudiced the defense." *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) (citing *Strickland*, 466 U.S. at 688, 694); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (citing *Strickland*, 466 U.S. at 688, 694) (same). The United States Court of Appeals for the Third Circuit has "endorsed the practical suggestion in Strickland [that the Court may] consider the prejudice prong before examining the performance of counsel prong 'because this course of action is less burdensome to defense counsel.'" *United States v. Lilly*, 536 F.3d 190, 196 (3d Cir. 2008) (quoting *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005)); *see also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992); *United States v. Tolliver*, 800 F.3d 138, 140-41 (3d Cir. 2015). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo*, 625 F.2d 465, 470 (3d Cir. 1980); *see also Tolliver*, 800 F.3d at 140-41. If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly

frivolous on the basis of the existing record." *Gov't of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Knight*, 2009 WL 275596, at *13 (W.D. Pa. 2009) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

IV. DISCUSSION

Defendant argues that his conviction and/or his sentence should be vacated on several grounds: first, that the Court improperly stated the elements of the offense to which he pled guilty and that his counsel was ineffective in failing to explain said elements to him; second, that the factual basis for his guilty plea was insufficient because he was not permitted to state in his own words what he did; third, that his counsel was ineffective for failing to object to the career offender designation and that he was improperly deemed a career offender under the Guidelines; fourth, that his conviction violates the Tenth Amendment; fifth, that his counsel was ineffective for failing to object to the duration of his specific involvement in the conspiracy and the resulting drug quantity attributable to his conduct at sentencing of 1-3 kilograms of heroin; and sixth, that counsel was ineffective in failing to object to the protocol for obtaining his jail calls and instead allegedly challenged only the substance of the calls. (Docket Nos. 799; 820). Defendant also claims that the sentencing enhancement set forth in § 851 is void for vagueness. (*Id.*). In response, the Government maintains that all of Defendant's claims must be denied without a hearing as they are not supported by the record, were waived by his guilty plea pursuant to the Rule 11(c)(1)(C) plea agreement which was accepted by the Court and that he has not sustained any prejudice by the alleged errors he has attributed to his counsel. (Docket No. 813).

Having considered the parties' arguments, in light of the evidence of record, including

the parties' plea agreement, the transcripts of the change-of-plea and sentencing hearing, and the Court's prior rulings, it is this Court's opinion that all of the grounds asserted in Defendant's motion are without merit and his motion must be denied without a hearing. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008). At the outset, Defendant has failed to demonstrate that he was prejudiced by any of the alleged errors of his counsel that he has outlined in his papers. *Id.* at 196. The Court will address his contentions chronologically through the various stages of the case, starting with pretrial motions.

Initially, Defendant's claim that his counsel failed to object to the protocol for obtaining the jail calls in the suppression motion is simply not supported by the record. (*See* Docket Nos. 799; 820). Indeed, the Court characterized Defendant's motion as "contesting the methods utilized by law enforcement to procure [Defendant's] recorded jail conversations from the Allegheny County Jail ("ACJ") and State Correctional Institution at Greensburg ("SCI Greensburg")." *Ewell*, 2016 WL 463784, at *1. Defense counsel cannot be deemed to have provided ineffective assistance for raising the claim that his client requested and the fact that the argument was rejected by the Court does not justify relief under § 2255. Therefore, Defendant's motion must be denied to the extent that he relies upon this theory.

Defendant's challenges to the guilty plea proceedings fare no better. (Docket Nos. 799; 820). To this end, the Court has already held that he knowingly and voluntarily pled guilty pursuant to the Rule 11(c)(1)(C) plea agreement for an agreed-upon sentence of 168 months' incarceration; understood the charge against him; specifically acceded to the drug quantity stipulation of 1-3 kilograms of heroin; and recognized that the prosecution was not asserting that he personally distributed 1-3 kilograms of heroin but that he knowingly joined the conspiracy and it was reasonably foreseeable to him that the conspiracy involved distribution of that amount

7

of narcotics. (Docket No. 754). Although it was not specifically referenced in the prior decision, the Government is correct that the record does not support Defendant's contention that the Court erred in reviewing the elements of the offense during the change of plea hearing. (Docket No. 779 at 51). Since he was fully informed at the time of the plea, Defendant was not prejudiced by any alleged errors by his counsel in failing to advise him of the correct elements. *See Lilly*, 536 F.3d at 196. Next, Defendant's position that the Court erred by not requiring him to explicitly state his criminal conduct in his own words in order to establish a factual basis for the plea is overruled. To the contrary, the law is well established that "[t]he court may make that inquiry by looking to the defendant's own admissions, the government's proffer of evidence, the presentence report, or 'whatever means is appropriate in a specific case—so long as the factual basis is put on the record.'" *United States v. Cefaratti*, 221 F.3d 502, 509 (3d Cir. 2000) (quoting *United States v. Smith*, 160 F.3d 117, 121 (2d Cir. 1998) (further quotation omitted)). Here, Defendant did not challenge the prosecutor's summation and when he was provided the opportunity to speak, he only commented on his prior murder conviction. (Docket No. 779 at 59-60).

Further, Defendant's Tenth Amendment claim fails because he expressly acknowledged that by pleading guilty he was waiving any constitutional challenges to his conviction, (*see* Docket No. 779 at 15), and his argument is otherwise foreclosed by binding Supreme Court precedent, namely, *Gonzalez v. Raich*, 545 U.S. 1, 125 S.Ct. 2195 (2005). Finally, Defendant has offered no contemporaneous evidence to substantiate his claim that he would have gone to trial had these alleged errors not occurred and there is no basis to set aside his plea in these circumstances. *See Lee v. United States*, 137 S. Ct. 1958, 1967, 198 L. Ed. 2d 476 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to

contemporaneous evidence to substantiate a defendant's expressed preferences."). For these reasons, Defendant's first, second, fourth, and fifth grounds for relief are all denied.

Defendant's allegations concerning the sentencing proceedings fail for largely the same reasons. (*See* Docket Nos. 799; 820). Again, the Court has already found that Defendant knowingly and voluntarily pled guilty to the Rule 11(c)(1)(C) plea agreement for a specific sentence which the Court accepted and imposed the agreed-upon sentence of 168 months' incarceration. *Cf. United States v. Brinson*, Crim. No. 15-87, 2016 WL 7035061, at *2 (W.D. Pa. Dec. 2, 2016) (denying motion to vacate as Defendant knowingly and voluntarily pled guilty to 120 months' incarceration pursuant to Rule 11(c)(1)(C) agreement which was also the mandatory minimum penalty for the offense). Defendant is wrong that his counsel did not challenge the career offender designation as he lodged objections on Defendant's behalf which the Court overruled because they were legally deficient and had no effect on his sentence under the binding Rule 11(c)(1)(C) plea agreement. (*See* Docket No. 746). Finally, Defendant's constitutional challenge to § 851 does not provide him with the requested relief because the Government did not file an Information stating a prior conviction against him in this case and that provision had no bearing on his sentence. *See Brinson*, 2016 WL 7035061, at *2.

Overall, the Court finds that there is no basis in law or fact justifying the extraordinary relief to set aside Defendant's valid conviction and sentence under § 2255. *See Travillion*, 759 F.3d at 288. Accordingly, his Motion is denied.

V. CONCLUSION

Based on the foregoing, Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [799] is denied, with prejudice. The Court also holds that Defendant has failed to make a substantial showing of the denial of a Constitutional right and is not entitled to a

9

certificate of appealability. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Dated: December 19, 2018

cc/ecf: All counsel of record

       William Fielder (USMS # 34137068)
       FCI Hazelton
       P.O. Box 5000
       Bruceton Mills, WV